### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD MONROE, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | **NO. 05-04937** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

### MEMORANDUM AND ORDER

Stengel, J.                                                         April 5, 2007

_____On March 21, 2007, plaintiffs filed a motion to vacate and/or alter judgment[1] the

court's March 7, 2007 Memorandum and Order, which granted in part defendant's motion

to dismiss.  I will deny the motion because plaintiffs do not meet the high standard

required for a motion for reconsideration.

## I.      STANDARD FOR A MOTION FOR RECONSIDERATION

A motion for reconsideration has two primary purposes: "to correct manifest errors

of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779

F.2d 906, 909 (3d Cir. 1985) cert. denied, 476 U.S. 1171 (1986).  The motion should be

granted "if the party seeking reconsideration shows at least one of the following grounds:

(1) an intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court granted the motion . ..; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice."  Max's Seafood Café ex rel. Lou-

---

[1] The court will construe this as a motion for reconsideration.

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v.

CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  See also Cont'l Cas. Co. v.

Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts

have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly").

## II.   DISCUSSION

Plaintiff's motion must fail because there has been no intervening change in the

law; the court did not err in its legal analysis; and there is no need to prevent manifest

injustice.

Primarily, plaintiffs challenge the court's dismissal of their access to courts claim

for failing to specifically plead the merits of their lost claims as required by Christopher

v. Harbury, 536 U.S. 403, 415-17 (2002).  Plaintiffs argue that "[i]t is unreasonable and

unconscionable to expect the Plaintiffs to remember specifically what their arguments

were [and] what claims [they] raised".  Pls' Mot. Vacate p. 2.  The Supreme Court has not

found it to be unreasonable to require a litigant advancing an access to courts claim to

plead the lost claim with specificity so that a court can determine whether "the nature of

the underlying claim is more than hope."  Id. at 416.  If plaintiffs cannot remember what

claims they were seeking to litigate, they suffer no injustice by losing access to the courts

to litigate these claims.  Plaintiffs Collins and Davis were able to remember their claims

with specificity; the court considered these claims and found them to be frivolous or

unprotected by the right to access the courts.  The court did not err in dismissing these claims.

Plaintiffs also argue that the court erred in dismissing their Fourth and Eighth Amendment claims but assert no specific legal errors the court made in its opinion. Therefore, the court will not reconsider its dismissal of these claims.

## III.   CONCLUSION

For the reasons stated above, I will deny the motion.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD MONROE, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | **NO. 05-04937** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 5th day of April, 2007, upon consideration of Plaintiffs' Motion

to Vacate and/or Alter Judgment (Document No. 123) and defendant's response thereto, it

is hereby **ORDERED** that plaintiffs' motion is **DENIED**.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.